IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION


FILED
JAN 29 2019
Clerk, U.S Courts
District Of Montana
Missoula Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 18–49–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| TERESA JOLENE PAGE, | |
| Defendant. | |

Before the Court is Defendant Teresa Jolene Page's Motion in Limine (Doc. 19) seeking the exclusion of certain evidence during trial. Specifically, Page requests that the Court exclude evidence of Page's previous felony convictions which the United States wishes to introduce at trial pursuant to Federal Rules of Evidence 404(b) and 609. For the following reasons, Page's Motion will be denied.

## DISCUSSION

A motion in limine is used to preclude prejudicial or objectionable evidence before it is presented to the jury. The decision on a motion in limine is consigned to the district court's discretion—including the decision of whether to rule before trial at all. *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999). A motion in limine "should not be used to resolve factual disputes or weigh

-1-

evidence." *BNSF Ry. v. Quad City Testing Laboratory, Inc.*, 2010 WL 4337827 at *1 (D. Mont. 2010). Evidence shall be excluded in limine only when it is shown that the evidence is "inadmissible on all potential grounds." *Id.* "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Id.* "This is because although rulings on motions in limine may save time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Id.* Rulings on motions in limine are provisional and the trial judge may always change his mind during the course of trial. *Luce v. United States*, 469 U.S. 38, 41–42 (1984).

In July 1988, Page pled guilty to two counts of forgery in violation of Idaho Code Annotated § 18–3601. (Doc. 21-1 at 4.) At the time Page pled guilty, § 18–3601 provided that "[e]very person who, with intent to defraud another, falsely makes, alters, forges or counterfeits, any . . . check . . . is guilty of forgery." The two-count Information to which Page pled guilty charged her with "wilfully, [*sic*] knowingly, intentionally, unlawfully, feloniously and with intent to prejudice, damage or defraud First Security Bank . . . did utter, publish, pass or attempt to pass as true and genuine a false, altered, forged or counterfeited check to an employee of First Security Bank" knowing that the check "was false, altered, forged or counterfeited in that said check did not contain the proper signature" of

the victim. (Doc. 22-1 at 5–6.) Page contends that evidence of her prior convictions should be excluded at trial.

## I. Federal Rule of Evidence 404(b)

"Evidence of prior wrongful conduct is not admissible to show the bad character of the defendant." *United States v. Smith*, 282 F.3d 758, 768 (9th Cir. 2002). Nevertheless, this evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).[1] In the Ninth Circuit, such evidence "is not looked upon with favor." *United States v. Bradley*, 5 F.3d 1317, 1320 (9th Cir. 1993). To be admissible, the evidence must: "(1) tend to prove a material point; (2) be sufficient to support a finding that the defendant committed the act; (3) be similar to the offense charged, when they are being introduced to show intent; and (4) not be too remote in time." *Smith*, 282 F.3d at 768. The United States bears the burden of proving that the evidence meets all the above requirements. *United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012). "If the evidence meets this test under Rule 404(b), the court must then decide whether the probative value is substantially outweighed by the prejudicial impact under Rule 403." *Id.* (internal quotation marks and citation omitted).

---

[1] The notice requirement of Fed. R. Evid. 404(b)(2) has undisputedly been met by the Government's January 4, 2019 Notice Pursuant to Fed. R. Evid. 404(b) (Doc. 18). (Doc. 20 at 2.)

The United States asserts that Page's prior convictions satisfy the first prong because they tend to prove a material point. The United States argues that because Page "is charged with making false statements, and committing social security and wire fraud," her "intent to defraud, including willfulness and scheming, is a material issue in this case." Importantly, the Government asserts that Page's past convictions will provide proof of the "statutory elements" of the charges in the Indictment—chiefly, the element of intent. (Doc. 21 at 7–8.) Page argues that "there is no indication that the prior forgery conviction relates to any material point in the instant proceeding." (Doc. 20 at 5.)

Page is presently charged with False Statement Affecting Social Security Benefits in violation of 42 U.S.C. § 1383a(a)(2), Social Security Fraud in violation of 42 U.S.C. § 1383a(a)(3), Fraud by Wire in violation of 18 U.S.C. § 1343, and False Statements to Federal Agency in violation of 18 U.S.C. § 1001(a)(3). (Doc. 1 at 1–2.) The charges in the Indictment all stem from allegations that Page knowingly misrepresented her marital status in order to receive benefits that she would otherwise be ineligible to receive. (Doc. 1 at 2–5.) Page's past convictions for forgery undeniably involved an element of deceit or intent to defraud that is shared with the pending charges. Consequently, the Court is convinced that the evidence is relevant to proving that Page intended to make the misrepresentations alleged in the Indictment.

Turning to the second prong, the United States has provided the charging documents and judgment from the 1988 case. The Court is satisfied that these documents are sufficient to "support a finding that the defendant committed the act[s]" for which she was convicted.

Regarding the third prong, because the evidence is intended to aid in proving the intent element of the charges in the Indictment, it must "be similar to the offense charged." In the past, this Court has found the analysis under this prong to be "largely overlapping" with the analysis performed in the first prong of the test. *United States v. Villarreal*, 2017 WL 4621784, at *4 (D. Mont. Oct. 16, 2017). "The relevance of the past act to [the defendant's] intent with respect to the charged conduct is dependent on the past acts' similarity to the charged conduct." *Id.*

Here, Page is alleged to have consistently misrepresented facts regarding her marital situation and living arrangement which were pertinent to her social security status and benefit eligibility over a period of nearly 13 years. Page's 1988 convictions for forgery stem from her attempts to cash two of her grandmother's checks which she had fraudulently written out to herself. At first blush, these incidents are not exceedingly similar. However, both involve Page making false statements with an intent to defraud. As will become pertinent to an analysis of the final prong of this test, the requisite type of intent for crimes such as fraud and

-5-

forgery is of a premeditated and deliberate type, making its recurrence significant. The Court finds this similarity to be material and controlling as regards this prong of the test. Accordingly, this prong is deemed satisfied.

Lastly, the Court must determine whether the prior convictions are so remote in time as to be inadmissible. Remoteness is measured by the time between the past conviction and the currently charged conduct. *See United States v. Ramirez-Robles*, 386 F.3d 1234, 1243 (9th Cir. 2004); *United States v. Arambula-Ruiz*, 987 F.2d 599, 603–04 (9th Cir. 1993). However, the Ninth Circuit has avoided establishing a specific number of years at which point a past conviction becomes too remote. Instead, remoteness depends "upon the theory of admissibility and the similarity of the acts," with some remote acts being "extremely probative and relevant." *United States v. Johnson*, 132 F.3d 1279, 1283 (9th Cir. 1997) (quoting *United States v. Spillone*, 879 F.2d 514, 519 (9th Cir. 1989)). In-line with the Ninth Circuit's approach to questions of remoteness, this Court has found that:

> The better test . . . is whether the prior crime is similar in nature and in its material elements to have clearly probative value with respect to the intent of the accused at the time of the offense charged. Under this test, prior crimes involving deliberate and carefully premeditated intent—such as fraud and forgery—are far more likely to have probative value with respect to later acts than prior crimes involving a quickly and spontaneously formed intent—such as assault.

*Villarreal*, 2017 WL 4621784, at *5 (quoting *United States v. San Martin*, 505 F.2d 918, 922–23 (5th Cir. 1974)). It follows that past convictions involving fraud

-6-

or forgery may have a longer shelf-life than other convictions in regard to proving the specific intent to defraud—a reason why a number-of-years rule is unwieldly in these circumstances.

Here, the period of time between Page's 1988 forgery convictions and when her offense conduct began in the instant case in 2004 is 16 years. This is a lengthy period of time and is certainly near the outer limits of remoteness. *See, e.g., United States v. Hadley*, 918 F.2d 848, 851 (9th Cir. 1990) (10–15 years not too remote); *Johnson*, 132 F.3d at 1283 (9th Cir. 1997) (13 years not too remote); *United States v. Ross*, 886 F.2d 264, 267 (9th Cir. 1989) (13 years not too remote). However, as stated above, Page's past forgery convictions display the same specific intent that will certainly be at issue in this case. This evidence will unquestionably aid the jury in determining whether or not the offense conduct alleged in the Indictment was a mistake or an unintentional misrepresentation on Page's part. Accordingly, the Court is convinced that the past acts, although remote, are "extremely probative and relevant."

Having determined that Page's 1988 convictions meet the four requirements for admissibility under Rule 404(b), the Court now turns to whether the evidence is admissible under Rule 403. Rule 403 bars the "admission of evidence when the danger of unfair prejudice substantially outweighs the probative value of the evidence." *United States v. Ubaldo*, 859 F.3d 690, 705 (9th Cir. 2017). This

determination must be considered on a case-by-case basis, "requiring the examination of the surrounding facts, circumstances, and issues." *Id.* (internal quotation marks and citation omitted).

As previously stated, the Court finds the evidence of Page's prior forgery convictions to be extremely probative and relevant to the jury's consideration of whether or not Page had the requisite intent to defraud in this case. Although evidence of a prior conviction is undeniably prejudicial to Page, the Court is not convinced that its "probative value is substantially outweighed by the danger of . . . unfair prejudice," as required for exclusion. Fed. R. Evid. 403. The offense conduct making up the prior convictions is not so egregious or so identical to the charged offense that members of the jury would be incapable of separating themselves from "the human tendency to draw a conclusion which is impermissible in law: because he did it before, he must have done it again." *United States v. Bagley*, 772 F.2d 482, 488 (9th Cir. 1985). As an additional bulwark against unfair prejudice, the Court will give a limiting instruction to the jury on the permissible uses for this evidence at trial.

## II. Federal Rule of Evidence 609

Federal Rule of Evidence 609(a) provides for "attacking a witness's character for truthfulness by evidence of a criminal conviction." When the Court can "readily determine that establishing the elements of the crime required

proving—or the witness's admitting—a dishonest act or false statement," the evidence of that crime "must be admitted." Fed. R. Evid. 609(a)(2). Here, Page's prior forgery convictions undoubtedly required proving a dishonest act or false statement. Consequently, the evidence of the prior conviction must be admitted under Rule 609(a). However, Rule 609(b) operates to bar admission of such evidence if "more than 10 years have passed since the witness's conviction" unless "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect" and the proponent has given reasonable written notice. Here, it is not disputed that the United States has given adequate notice. (Doc. 20 at 6.) And, for the reasons provided above, the Court finds that the evidence is "extremely probative." This is especially so should Page's character for truthfulness come into question. Accordingly, the Court finds the prejudicial effect substantially outweighed by the probative value of the evidence. Therefore,

IT IS ORDERED that's Page's Motion (Doc. 19) is DENIED.

DATED this 29th day of January, 2019.

Dana L. Christensen, Chief Judge
United States District Court